UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

RICHARD STEWART,

                              Petitioner,

                              v.                                    5:05-CV-1136
                                                                       (FJS)
UNITED STATES OF AMERICA,                     Related Criminal Action
                                                                       5:02-CR-15

                              Respondent.

_____

**APPEARANCES**                                       **OF COUNSEL**

**RICHARD STEWART**
**0601574**
Nashua Street Jail
200 Nashua Street
Boston, Massachusetts 02114
Petitioner *pro se*

**OFFICE OF THE UNITED**               **JOHN G. DUNCAN, JR., AUSA**
**STATES ATTORNEY**
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Respondent

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND[1]

      On September 8, 2005, Petitioner filed a Motion to Vacate, Set Aside or Correct the

sentence that this Court imposed on him following his conviction after a jury trial for violating

---

[1] The Court has based the factual background contained in this Memorandum-Decision and Order primarily on the documents filed in the present civil action, *see Stewart v. United States*, 5:05-CV-1136.

18 U.S.C. § 922(g)(1), which prohibits a convicted felon from being in possession of a firearm that has traveled through interstate commerce. He thereafter filed an Amended Motion to Vacate, in which he asserted numerous grounds for relief, together with a supporting memorandum of law and supporting exhibits. *See* Dkt. Nos. 9, 10 (collectively, "Amended Motion").

The Government filed a memorandum of law in opposition to Petitioner's Amended Motion on March 1, 2006. *See* Dkt. No. 11. Petitioner thereafter filed a reply memorandum in further support of his Amended Motion, *see* Dkt. No. 18, as well as various supplemental exhibits, *see* Dkt. Nos. 16, 19, 20.

In its Memorandum-Decision and Order filed April 23, 2008, this Court denied Petitioner's Amended Motion in its entirety. *See* Dkt. No. 23.

Currently before the Court is Petitioner's request for a Certificate of Appealability so that he may pursue an appeal regarding the dismissal of his Amended Motion with the Second Circuit. *See* Dkt. No. 24.

## II. DISCUSSION

Section 2253(c)(1) of Title 28 of the United States Code provides, in pertinent part, that, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . (B) the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B).[2]  A court may only issue a Certificate of Appealability "if the applicant

---

[2] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a

(continued...)

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts have interpreted this phrase to mean that a petitioner is entitled to a Certificate of Appealability only where he demonstrates that "reasonable jurists could differ as to whether 'the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'" *Monas v. United States*, Nos. 07 Civ. 5954, 04 CR 1355, 2008 WL 483608, *4 (S.D.N.Y. Feb. 21, 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983))) (other citation omitted).

In support of his application, Petitioner principally argues that this Court erroneously concluded that he had failed to establish that his counsel did not adequately prepare or present a defense regarding the deoxyribonucleic acid evidence that the prosecution used at trial. *See* Dkt. No. 24 at 3-8. Petitioner also suggests that a Certificate of Appealability is warranted with respect to his claim that the prosecutor improperly used expert witnesses at Petitioner's trial. *See id.* at 8-20.

This Court reaffirms its prior findings that Petitioner has not established either of these claims for the reasons stated in the Court's prior order, *see* Dkt. No. 23 at 6-11, 16-18, and concludes that Petitioner has not demonstrated that reasonable jurists could differ as to whether the Court should have resolved his Amended Motion in a different manner or that the issues that he presented deserve encouragement to proceed further.

---

[2](...continued)
certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b).

### III. CONCLUSION

Therefore, after carefully reviewing Petitioner's application, the other documents filed in this matter, the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Petitioner's Application for a Certificate of Appealability is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties by electronic or regular mail.

**IT IS SO ORDERED.**

Dated: June 27, 2008
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge